# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

CORDELIUS BROWN,

     Plaintiff,

v.

                         CV 424-225

TITLEMAX OF GEORGIA, INC.; TMX
FINANCE LLC; TMX FINANCE; TMX
FINANCE CORPORATE SERVICE
INC., successor Community
Choice Financial; CCFI
COMPANIES, LLC; GREG LUDWIG;
STEVE THOMAS; NATHANIEL
ANDERSON; ERIN FRITTS; CARLEY
BRAGG; ASHLEY JONES; JASON
BROCE; CLAY HALL; KELLY
CUMMINGS; FRANK CHILSOM,
("Kip"); TRACY YOUNG, and DOE
1-5,

     Defendants.

## ORDER

Before the Court is Plaintiff Cordelius Brown's motion to remand. Dkt. No. 6. For the reasons stated below, the motion is **GRANTED**.

## BACKGROUND[1]

Plaintiff began her employment with Titlemax of Georgia on February 10, 2014. Dkt. No. 1-3 ¶ 1. Plaintiff alleges that

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016).

"TMX lied to [her] about the nature of its business and the harm its product caused citizens." Id. ¶ 2. Plaintiff alleges that while she consistently outperformed her peers at work, she eventually became the target of outrageous conduct by Titlemax and its Human Resources department, among others. Id. ¶¶ 3-5. For example, Plaintiff alleges she was "transferred 10 times, segregated, and treated like a southern slave and was punished for telling customers the truth and training her staff to tell customers the truth about the true nature of TMX business and how to get out of the debt trap." Id. ¶ 4.

On September 3, 2024, Plaintiff initiated this civil action in the Superior Court of Chatham County, Georgia. Id. at 5. She asserts claims of: Misrepresentation of Employment and Omission of Facts, in violation of O.C.G.A. § 51-6-2 (Count 1); Fraudulent Inducement and Deceit, in violation of O.C.G.A. § 51-6-1 (Count 2); Intentional Negligence, in violation of O.C.G.A. § 51-12-33 (Count 3); Discrimination on the Basis of Disability, in violation of O.C.G.A § 34-6A-4 (Count 4); Disability Retaliation, in violation of O.C.G.A. § 34-6A-5 (Count 5); "Wrongful Termination, in violation of Public Policy" (Count 6); Defamation by Slander, in violation of O.C.G.A. § 51-5-4 (Count 7); Libel and Defamation, in violation of O.C.G.A. § 51-5-1 (Count 8); Vicarious Liability, in violation of O.C.G.A. § 51-3-1 (Count 9); Breach of Fiduciary Duty, in violation of O.C.G.A.

§ 53-7-54 (Count 10); Intentional Infliction of Emotional Distress, in violation of O.C.G.A. § 51-12-4 (Count 11); and Civil Conspiracy, in violation of O.C.G.A. § 16-4-8 (Count 12). Dkt. No. 1-3 at 11, 17, 21, 53, 54, 62, 71, 72, 75, 76, 78.

Defendant Fidelity Investments ("Fidelity") removed the case to this Court on the basis of federal question jurisdiction,[2] stating that, in Count 10, Plaintiff "seeks to recover benefits under a 401(k) plan sponsored by Titlemax of Georgia, Inc. [], which qualifies as an employee pension benefit plan pursuant to 29 U.S.C. § 1002(2)(A)(i)" and "is governed by the Employee Retirement Income Security Act of 1974 [ERISA]." Dkt. No. 1 ¶¶ 3, 4. Indeed, in her breach of fiduciary duty claim against Defendants TMX and Fidelity, Plaintiff alleges TMX decreased its contribution to her 401k without her authorization, and that Fidelity allowed this to happen. See id. at 73-76. Plaintiff alleges she lost 401(k) "contributions and dividends from March 2015 to May of 2020 as a result of TMX and Fidelity's" actions. Id. at 76.

After Fidelity's removal of this action, Plaintiff filed a Notice of Voluntary Dismissal, wherein she voluntarily dismissed all claims against Fidelity, as well as her claim for breach of fiduciary duty (Count 10), thereby dismissing her ERISA claim upon which federal subject matter jurisdiction was based. Dkt.

---

[2] The docket reflects that no other Defendants have been served with process or otherwise appeared in this action.

No. 5.  Thereafter, Plaintiff filed a motion to remand this case to Chatham County Superior Court, arguing this Court no longer has subject matter jurisdiction over this action.  Dkt. No. 6.[3]

## LEGAL AUTHORITY

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." Id.  "[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." Id. (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1556-57 (11th Cir. 1989)).  "If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case." Id.  "However, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." Id. (quoting 28 U.S.C. § 1447(c)).  "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." Id.

---

[3] No response was filed to Plaintiff's motion to remand, as Fidelity has been dismissed as a Defendant and no other Defendants have appeared in this action.

**DISCUSSION**

## I.   Removal was Proper

The Court must first determine whether Fidelity's removal of this case based on ERISA preemption was appropriate. Regardless of the label used for the cause of action, in Count 10, Plaintiff was seeking judicial review of a benefit determination under her 401(k) plan. See 29 U.S.C. § 1132(a)(1)(B), (e) (ERISA civil enforcement statute). "ERISA preempts all state laws insofar as they apply to employee benefit plans 'even if those laws do not expressly concern employee benefit plans and amount only to indirect regulation of such plans.'" Bacon v. Stiefel Labs., Inc., 677 F. Supp. 2d 1331, 1349 (S.D. Fla. 2010) (quoting Howard v. Parisian, Inc., 807 F.2d 1560, 1564 (11th Cir. 1987)). "In fact, a mere 'nexus with the ERISA plan and its benefits system' is all that is required for preemption." Id. (quoting Variety Children's Hosp. v. Century Med. Health Plan, 57 F.3d 1040, 1042 (11th Cir. 1995)). The Court finds that Plaintiff's 401(k) benefits claim falls squarely within ERISA's realm, and the case was thus properly removed to this Court.

## II.   Plaintiff's Motion to Remand

Now that Plaintiff has voluntarily dismissed her ERISA claim, the claim upon which subject matter jurisdiction was based in the notice of removal, the Court must determine whether

it still has subject matter jurisdiction to hear this case.  On the face of the complaint, diversity of citizenship between Plaintiff and Defendants does not exist.  <u>See</u> Dkt. No. 1-3 at 8.  Thus, federal question jurisdiction must be present for this case to proceed in this Court.  In the complaint, Plaintiff asserts only state—law claims, not federal law claims.  Just because Plaintiff asserts only state law claims, however, does not mean this Court is without federal question jurisdiction.

A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action."  <u>Jairath v. Dyer</u>, 154 F.3d 1280, 1282 (11th Cir. 1998) (citing <u>City of Huntsville v. City of Madison</u>, 24 F.3d 169, 173-74 (11th Cir. 1994) (analyzing the relevant Supreme Court cases, including <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804 (1986))).  In establishing the "contours of this slim category," the Supreme Court has set out a four-element inquiry, each element of which needs to be established before conferring federal question jurisdiction.  <u>Gunn v. Minton</u>, 568 U.S. 251,

258 (2013).  Federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Id. (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005) (establishing the four Grable factors)).

This case does not fit within the "special and small category" of cases in which arising under jurisdiction still lies.  Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006).  Though Plaintiff's claims implicate federal issues, those issues are not substantial in the relevant sense.

Throughout her complaint, Plaintiff mentions federal statutes such as the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").  See, e.g., Dkt. No. 1-3 ¶ 172 (alleging Defendants violated her rights under the FMLA); id. ¶ 236 (Defendants "subjected the Plaintiff to unlawful discriminatory practices on the basis of her disability in violation of [O.C.G.A.] § 34-6A-4 and ADA.").  Even assuming Plaintiff must prove a violation of the ADA and FMLA to succeed on her state-law claims, "federal jurisdiction is not created by the mere fact that proof of a violation of a federal statute is an element of plaintiff's state-law cause of action."  Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1292 (11th Cir. 2004).

With respect to the "substantial" <u>Grable</u> factor, the Supreme Court has distinguished cases that present a "nearly pure issue of law" that would govern numerous other cases from those that are "fact-bound and situation-specific." <u>Empire Healthchoice</u>, 547 U.S. at 699. That is, for a case to involve a substantial federal issue, it must be one significant "to the federal system as a whole" as opposed to only the parties. <u>Gunn</u>, 568 U.S. at 260. Generally, state law claims raise a substantial federal issue when "the federal government itself seeks access to a federal forum, an action of the federal government must be adjudicated, or where the validity of a federal statute is in question." <u>MHA LLC v. HealthFirst, Inc.</u>, 629 F. App'x 409, 413 n.6 (3d Cir. 2015) (citing <u>Gunn</u>, 568 U.S. at 260-61). Plaintiff's claims, though significant to her, are commonplace in the employment law context and do not present a "nearly pure issue of law."

Too, that the state court would be required to analyze and interpret federal statutes like the ADA and FMLA is simply not enough to meet <u>Grable</u>'s substantiality requirement. "[T]he state court's rulings will not bind the federal courts in future cases and will have no preclusive effect beyond the parties to the state litigation, and the possibility that the parties might be subjected to a state court's incorrect interpretation of federal law does not suffice to create 'arising under'

jurisdiction." <u>Haith ex rel. Accretive Health Inc. v. Bronfman</u>, 928 F. Supp. 2d 964, 970 (N.D. Ill. 2013) (citing <u>Gunn</u>, 568 U.S. at 263). "The state court's resolution of those federal issues, in other words, will not have effects beyond the parties to th[is suit] and certainly could not pose a threat to the workings of the federal system as a whole." <u>Id.</u> The Court concludes this case does not meet <u>Grable</u>'s substantiality requirement. <u>Gunn</u>, 568 U.S. at 258 (noting that each element of the four-element <u>Grable</u> inquiry "needs to be established before conferring federal question jurisdiction")

Moreover, it is clear that although Plaintiff mentions federal statutes like the ADA and FMLA in her complaint, she does not seek relief under those statutes. "[S]ince the plaintiff is 'the master of the complaint,' the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'" <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831 (2002) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 398–399 (1987)). Accordingly, the Court finds that Plaintiff's complaint does not present a federal question. As a result, the Court does not have subject matter jurisdiction over this case, and it must be **REMANDED** to the Court from which it came.

**CONCLUSION**

Because this Court lacks subject matter jurisdiction over this case, Plaintiff's motion to remand, dkt. no. 7, is **GRANTED**. This case is hereby **REMANDED** to the Superior Court of Chatham County, Georgia.

**SO ORDERED**, this ___ day of December, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10